Turley, J.
delivered the opinion of the court.
JohnH. Rawlings and William E. Butler, on the 26th day of December, 1843, executed their bill single to Joseph L. Douglass, by which they promised to pay to him or his order four, hundred dollars, nine months after the date thereof; John H. Rawlings was the principal debtor, and William E. Butler his surety. This note was transferred by endorsement to Allen Daniel, after it fell due; and this suit is brought against the defendants to enforce the payment of the bill. Among other things, the defendants plead, in substance, that *404 the bill single was assigned on the 17th day of March, 1845; that on the 11th day of March, 1845, John H. Rawlings was served with process of' garnishment by the sheriff of Madison county, at the instance and suit of the President, Directors & Co. of the Union Bank of Tennessee, who had before that time, and on the 23d day of December, 1839, recovered a judgment in the circuit court of Madison county for the sum of $1108 95 debt and damages, and #13 65 cost, against said Joseph S. Douglass; that in obedience to this process, said Rawlings had appeared in said court, and declared on oath that he, together with his co-defendant, William E. Butler, was indebted to Joseph S. Douglass, at the time of service of said process of garnishment, in the sum of money named in the above writing obligatory, which had become due and payable according to the tenor and effect thereof, to the said Douglass, before said service of garnishment, and before said assignment to the plaintiff.
To this plea the plaintiff demurs, and the demurrer was overruled by the court below, and judgment given for the defendants on the plea; and thereupon the plaintiff appeals to this court.
That a garnishee can only be charged upon his own answer is well settled; therefore, if his answer does not contain enough to charge him, he must be discharged, and, vice versa. Hence it has been necessarily held, that, if d garnishee answers that he has previously become indebted by the execution of negotiable paper to the individual for whose debt he is sought to be made liable, but does not know in whose hands the paper may be, he must be discharged, although at the date of the answer the paper may be over due; for it may have been assigned before it fell due. But, when, as is this case, the garnishee answers explicitly that he was indebted at the time of the service of the garnishment, and it appears that the negotiable instrument, the evidence of the debt, had not been assigned before it was dishonored by non-payment, the answer will charge the garnishee, and judgment must be rendered against him thereon. This would constitute a good defence against the payee of the bill, and must also, upon principle, against his endorsee, *405 who stands in the same position as the payee and subject to all equities aginst him. Judgment affirmed.